IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERALD LEE LYNCH, JR.,

                          Petitioner,                    OPINION AND ORDER

        v.                                               09-cv-0113-slc

RANDALL R. HEPP, Warden,
Jackson Correctional Institution,

                          Respondent.

---

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The parties have consented to my jurisdiction. Petitioner Gerald Lee Lynch, Jr. is in custody as a result of pleading no contest to one count of homicide by intoxicated use of a vehicle and two counts of fleeing from a police officer, resulting in bodily harm. Before the court are two related motions: 1) the state's motion to dismiss the petition in its entirety on the ground that Lynch failed to exhaust his state court remedies, as required by 28 U.S.C. § 2254(b); and 2) Lynch's motion to stay these proceedings and place them in abeyance while he exhausts his state court remedies. As explained l below, I am granting the state's motion to dismiss and denying petitioner's motion for a stay.

The following facts are drawn from the documents attached to the state's motion.

FACTS

In 2003, Gerald Lee Lynch was charged in Dane County Circuit Court with numerous criminal counts arising from an incident in which he led police officers on a high-speed chase that ended when Lynch's vehicle collided with another. One person was killed, two were injured. Lynch was under the influence of alcohol at the time. Pursuant to a plea agreement, he pleaded no contest to homicide by intoxicated use of a vehicle, contrary to Wis. Stat. § 940.09(1)(a),

and to two counts of fleeing from an officer resulting in bodily harm, contrary to Wis. Stat. § 346.04(3). Pursuant to the agreement, the circuit court dismissed eight other charges, but read in two for sentencing purposes.

At sentencing, the court determined that Lynch was ineligible to participate in Wisconsin's earned release program, Wis. Stat. §§ 302.05(3)(a)1 and 973.01(3g), an early-release program for certain offenders who successfully complete a substance abuse treatment program. Under the statute, inmates in custody for committing a crime under Wis. Stat. ch. 940, "Crimes Against Life and Bodily Security," as Lynch did, are ineligible for early release. Wis. Stat. § 302.05(3)(a)1 (defining "eligible inmate"). The court sentenced Lynch to a 35-year bifurcated sentence.

Lynch filed a post-conviction motion, seeking resentencing on two grounds:  1) the eligibility criteria for participation in the early release program violated his rights to equal protection and substantive due process because they treated him differently from a person who was driving while intoxicated but did not cause a death or great bodily harm; and 2) the circuit court relied on improper and inaccurate information when imposing Lynch's sentence. The circuit court and the Wisconsin Court of Appeals both disagreed with his contentions. *State v. Lynch*, 2006 WI App 231, 297 Wis. 2d 51, 724 N.W. 2d 656. On January 9, 2007, the Wisconsin Supreme Court denied petitioner's petition for review.

On March 21, 2007, Lynch filed a pro se post-conviction motion pursuant to Wis. Stat. § 974.06 alleging that he had received the ineffective assistance of counsel on direct appeal because his lawyer had urged the wrong comparison when making his equal protection/due process argument.   He also contended that appellate counsel should have argued that the

2

prosecutor's discretion to charge the defendant with a crime that excludes earned release, rather than one that permits it, violated the separation of powers doctrine. The circuit court denied the motion; the Wisconsin Court of Appeals affirmed. *State v. Lynch*, 208 WI App 172, 314 Wis. 2d 746, 760 N.W. 2d 184 (Table) (unpublished opinion), dkt. 12, exh. M, at 4.

In his reply brief in the court of appeals, Lynch first hinted at the claims that he brings in the instant habeas petition: he noted in passing that he would not have taken the deal if he had known he was ineligible for the earned release program. *See* Reply Brief, dkt. 12, exh. L, at 4, 16. Lynch expanded on this theory in his state supreme court petition for review. He explained that if the court was going to uphold the court of appeals' determination that the earned release program statutes were constitutional, then it should require trial judges to advise defendants of their ineligibility for the program before accepting their plea to a non-qualifying charge, and further, that the lack of such notice in his case rendered his plea unknowing and unintelligent. Pet. for Review, dkt. 12, exh. O at 16-17, 30. On December 15, 2008, the Wisconsin Supreme Court issued an order declining to exercise its discretionary review.

About a month later, Lynch filed another post-conviction motion in the circuit court, seeking to withdraw his plea on the ground that his ineligibility for the Earned Release Program was a direct consequence of his plea about which he was not informed during the plea colloquy. On February 26, 2009, the circuit court entered an order denying the motion on the ground that it was barred under Wis. Stat. § 974.06(4) and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). The court explained that Lynch had failed to provide a sufficient reason for failing to raise the issue in his earlier post-conviction motion. Pet. for Writ of Habeas

3

Corpus, dkt. 12, exh. B, at 33.  The court commented, however, that Lynch "may still be able to raise his concerns through habeas corpus." *Id*. at 34.

On March 2, 2009, Lynch filed the instant federal habeas petition.  He raised three claims:  1) his plea was not entered knowingly and intelligently because the court did not advise him that by pleading no-contest to the charge of homicide by intoxicated use of a vehicle, he would be statutorily ineligible for the Earned Release Program(Ground One); 2) his plea was not entered knowingly and intelligently because his lawyer failed to advise him of the same (Ground Three); and 3) the state failed to disclose its knowledge of the Earned Release Program to the defense (Ground Two).  In an order entered March 3, 2009, I directed the state to respond to grounds  one and three.  (With respect to ground two, I found that Lynch had failed to state a constitutional claim.)  I noted, however, that this court was not likely to reach the merits of Lynch's claims because he had failed to present them to the state courts in either completed round of post-conviction review, or alternatively, because he had not yet exhausted his state court remedies on those claims.

Shortly thereafter, Lynch filed a motion requesting that his federal habeas petition be stayed while he exhausted his issues in state court.  In the motion, Lynch indicated that he had recently filed a petition for a state writ of habeas corpus.  On March 16, 2009, I entered an order directing the state to respond to petitioner's motion for a stay as part of its response to the habeas petition.

On April 17, 2009, the state filed a motion to dismiss the petition on the ground that Lynch had failed to exhaust his state court remedies and opposing his request for a stay.  On May 21, 2009, after the close of briefing, Lynch submitted a copy of an order from the circuit

court for Dane County, denying his request to proceed as a pauper in his habeas corpus action

on the ground that petitioner's "claim was previously litigated unsuccessfully."

## OPINION

It is well established that a prisoner seeking a writ of habeas corpus must exhaust his state

remedies before seeking federal relief. *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997)

(citing cases). Principles of comity require that the habeas petitioner present his federal

constitutional claims initially to the state courts in order to give the state the "'opportunity to

pass upon and correct alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513

U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Claims are

exhausted when they have been presented to the highest state court for a ruling on the merits

of the claims or when state remedies no longer remain available to the petitioner. *Engle v.*

*Isaac*, 456 U.S. 107, 125 n. 28, 1570 n. 28 (1982); 28 U.S.C. § 2254(c) ("An applicant shall

not be deemed to have exhausted the remedies available in the courts of the State . . . if he has

the right under the law of the State to raise, by any available procedure, the question

presented"). When a petitioner raises claims that have not been exhausted in state court and

state remedies remain available, the federal court must dismiss the petition without prejudice

to allow the petitioner to return to state court. *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Rose*

*v. Lundy*, 455 U.S. 509, 510 (1982). When, however, the petitioner has already pursued his

state court remedies but failed to properly present his claims to the state courts along the way,

"it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the

separate but related doctrine of procedural default." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).  In general, when a court determines that a petitioner has procedurally defaulted his claims, it dismisses the petition *with* prejudice.

It is undisputed that Lynch has completed two full rounds of state court review.  It is also clear that in neither round did Lynch properly assert a claim that his plea was not knowing and intelligent.  The outlines of such a claim did not appear until Lynch's petition for review in the Wisconsin Supreme Court of the denial of his § 974.06 motion.  However, to properly exhaust state remedies, a petitioner must present his claims to the state courts at *each level* of the state's established review process.  *Johnson v. Pollard*, 559 F.3d 746, 751 (7th Cir. 2009).  By failing to develop his invalid plea theory until his petition for discretionary review, he failed to give the circuit court or Wisconsin Court of Appeals the opportunity to pass on his claim.  As a result, he did not properly exhaust his state court remedies.

This fact, combined with Wisconsin's requirement that all constitutional grounds for relief be presented in a defendant's direct appeal or original post-conviction motion under Wis. Stat. § 974.06, *State v. Escalona-Naranjo*, 185 Wis.2d 168, 517 N.W.2d 157 (1994), seem to add up to a clear case of procedural default.  Indeed, citing *Escalona-Naranjo*, the state circuit court rejected petitioner's attempt to raise his involuntary plea claim in yet another post-conviction proceeding.  Nonetheless, the state has not invoked the procedural default doctrine but instead has moved for dismissal without prejudice on a garden-variety, failure-to-exhaust theory.  As the court of appeals indicated in *Perruquet*, 390 F.3d at 515, a procedural default "is an affirmative defense that the state is obligated to raise and preserve, and consequently one that it can waive."

6

I presume that the state has chosen deliberately to assert only an exhaustion defense, although I cannot deduce the state's rationale.

The only real question for the court, then, is whether to dismiss the petition outright or to stay the federal proceedings and place them in abeyance while Lynch pursues whatever state court remedies may remain.  In *Rhines*, 544 U.S. at 275, the Supreme Court ruled that a district court has discretion to stay a "mixed" federal habeas petition, that is, one containing some claims that are exhausted and some that are not, in situations in which outright dismissal of the petition could jeopardize the opportunity for any federal review of the unexhausted claims.  The state asserts that a stay is not available to Lynch in this case because his petition is not "mixed," insofar as *none* of the claims that he raises have been exhausted in the state courts.  The suggestion that a court lacks the power to stay a petition containing only unexhausted claims is suspect in light of cases like *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (instructing district courts to consider whether stay is appropriate when dismissal of petition without prejudice would "effectively end any chance at federal habeas review, that is, when there is a substantial risk that it comes too late for the prisoner to re-file"), and *Dolis v. Chambers*, 454 F.3d 721, 724-25 (7th Cir. 2006) (considering propriety of stay in case in which petitioner "had not exhausted any of his claims").  Nonetheless, it is unnecessary to decide that question in this case because Lynch does not need a stay, whether his petition is mixed or not.

In any habeas action under § 2254, a stay is warranted only if dismissing the case would "effectively end any chance at federal habeas review" by virtue of the one-year limitation period. *Dolis*, 454 F.3d at 725.  Pursuant to 28 U.S.C. § 2244(d)(1)(A), a petitioner has one year from the date on which his conviction "became final by the conclusion of direct review or the

7

expiration of the time for seeking such review" in which to file a federal habeas petition.  Under this provision, direct review does not conclude until the availability of direct review in the state courts and the United States Supreme Court has been exhausted.  *Jiminez v. Quarterman*, 129 S. Ct. 681, 685 (2009); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Allowing for the 90 days in which Lynch could have applied for certiorari from the Supreme Court, his conviction became final on April 9, 2007.  By that time, however, he already had filed his motion for post-conviction relief under Wis. Stat. § 974.06, which operated to toll the limitations period.  28 U.S.C. § 2244(d)(2) (time during which properly filed application for State post-conviction or other collateral review with respect to pertinent judgment or claim is pending does not count against one-year statute of limitations for filing federal habeas action).  Lynch's § 974.06 motion remained pending until December 15, 2008, when the Wisconsin Supreme Court denied his petition for review.  *Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000) (properly filed application for post-conviction relief is "pending" once filed and during periods between one court's decision and timely request for further review by higher court).  His one-year period for filing his habeas petition began running the next day, December 16, 2008 and will end December 15, 2009.

As of today, Lynch has over six months remaining on his federal habeas clock.  This is ample time for him to exhaust his state court remedies.  *Tucker*, 538 F.3d at 735 (stay not necessary where more than five months remained of petitioner's limitation period at time court dismissed petition); *Crews v. Horn*, 360 F.3d 146, 154 (3rd Cir. 2004) (petitioner ought to be able to file application for state post-conviction relief within 30 days and return to federal court

within 30 days after state court exhaustion is completed); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (same); *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (same).


ORDER

IT IS ORDERED that the motion of respondent to dismiss Gerald Lee Lynch, Jr.'s petition for a writ of habeas corpus is GRANTED.  The petition is DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust his state court remedies.  Petitioner's motion for a stay is DENIED.


Entered this 8th day of June, 2009.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge

9